**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-30782
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

L. C. BROOKS, also known as Bo-Jack,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CR-178-ALL-A
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

L. C. Brooks appeals his conviction and sentence on two counts of possession with intent to distribute cocaine base. Brooks contends that an incriminating statement made to a jail guard was inadmissible under the Fifth Amendment because he had not been advised of his rights as required by <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), and because the statement was obtained in violation of his Sixth Amendment right to counsel. The statement was properly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admitted because it was voluntary and not the result of a custodial "interrogation." Miranda, 384 U.S. at 478; United States v. Gonzales, 121 F.3d 928, 940 & n.7 (5th Cir. 1997). Brooks's Sixth Amendment right to counsel had not yet attached because he was in custody on a state drug charge and had not yet been charged with the instant federal crime. United States v. Avants, 278 F.3d 510, 517-18 (5th Cir.), cert. denied, 122 S. Ct. 2683 (2002).

Brooks also challenges the sufficiency of the evidence used to convict him. Because Brooks did not renew his motion for acquittal at either the close of all evidence or in a post-trial motion, we review only to determine whether there has been a "manifest miscarriage of justice." United States v. McIntosh, 280 F.3d 479, 483 (5th Cir. 2002). We find none, as the evidence presented at trial was sufficient for a reasonable jury to convict Brooks. See United States v. Wise, 221 F.3d 140, 147 (5th Cir. 2000); United States v. Sparks, 2 F.3d 574, 582 (5th Cir. 1993).

Brooks finally challenges the two-level increase in his offense level for obstruction of justice. We believe this increase was appropriate because Brooks intentionally made false statements concerning a material issue while under oath at trial. See United States v. Dunnigan, 507 U.S. 87, 94 (1993); United States v. Storm, 36 F.3d 1289, 1295 (5th Cir. 1994).

The judgment of the district court is AFFIRMED.

AFFIRMED.